UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 6:04-607-GRA |
| v. | C/A No. 6:05-3583-GRA |
| Steven Phelps, | ORDER |
| Movant. | (Written Opinion) |

This matter is before this Court on Movant's motion for relief pursuant to 28 U.S.C. § 2255. Movant claims ineffective assistance of counsel and asks this Court to reinstate his right to a direct appeal. Movant claims that his counsel failed to file a direct appeal when he had sent a letter directing him to do so.

Movant is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

On October 27, 2004, Movant, represented by counsel, pled guilty to count one, three and four of a five count Indictment, in violation of 21 U.S.C. §§§ 846, 841(a)(1) and 841(b)(1)(B), 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 922(g). On February 9, 2005, Movant was sentenced to two hundred sixty-two (262) months imprisonment

1

and five (5) years of supervised relief. Movant did not file a notice of appeal. Movant filed the instant §2255 petition on December 27, 2005.

Movant claims that after sentencing and while he was in the holding cell at the courthouse, his counsel promised he would visit to determine if Movant wanted an appeal filed on his behalf. Movant alleges that he told counsel that he was not satisfied with the sentence he received. Counsel did not visit Movant at the holding cell, however counsel did mail Movant a letter informing him that a Notice of Appeal had to be filed within ten days after entry of judgment against him. Movant claims he informed counsel by letter that he wanted an appeal filed, he further claims he tried to reach counsel by telephone to no avail. Also Movant claims his mother contacted counsel to let him know that Movant wanted an appeal filed and that he wanted to see counsel to discuss the issues to be filed. A Notice of Appeal was never filed.

In an abundance of caution, this Court will assume that Movant requested an appeal, in which case, counsel's failure to file a timely notice of appeal would clearly constitute ineffective assistance of counsel. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). In such cases, this Court has the authority to vacate Movant's sentence and immediately reimpose and reinstate his judgement of conviction. *Id.* at 42. This action will allow the Movant to take a timely appeal pursuant to FED. R. APP P. 4(b) & (c), which provide:

> (b)    Appeal in a Criminal Case. In a criminal case, a defendant shall file the notice of appeal in the district court within **10 days** after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government. A notice of appeal filed after the announcement of a

2

decision, sentence or order— but before entry of the judgment or order— is treated as filed on the date of and after the entry. If a defendant makes a timely motion specified immediately below, in accordance with the Federal Rules of Criminal Procedure, an appeal from a judgment of conviction must be taken within 10 days after the entry of the order disposing of the last such motion outstanding, or within 10 days after the entry of the judgment of conviction, whichever is later. This provision applies to a timely motion:

    (1)    For judgment of acquittal;

    (2)    for arrest of judgment;

    (3)    for a new trial on any ground other than newly discovered evidence; or

    (4)    for a new trial based on the ground of newly discovered evidence if the motion is made before or within 10 days after the entry of the judgment.

A notice of appeal filed after the court announces a decision, sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later. Notwithstanding the provisions of Rule 3(c), a valid notice of appeal is effective without amendment to appeal from an order disposing of any of the above motions. When an appeal by the government is authorized by statute, the notice of appeal must be filed in the district court within 30 days after

    (i)    the entry of the judgment or order appealed from or

    (ii)    the filing of a notice of appeal by any defendant.

A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket. Upon a showing of excusable neglect the district court may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

(c)    Appeal by an Inmate Confined in an Institution.  If an inmate

> confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid. In a civil case in which the first notice of appeal is filed in the manner provided in this subsection (c), the 14-day period provided in paragraph (a)(3) of this Rule 4 for another party to file a notice of appeal runs from the date when the district court dockets the first notice. In a criminal case in which a defendant files a notice of appeal in the manner provided in this subdivision (c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.

*Id.* (emphasis added).

IT IS THEREFORE ORDERED that Movant's sentence be VACATED and his judgement of conviction be IMMEDIATELY REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that he can file a timely appeal.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 12, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure

4

to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.